13970

DuBOSE v. PIONEER LIFE INSURANCE CO. *ET AL.*

(177 S. E., 886)

*Mr. C. B. Earle*, for appellant,

*Messrs. Watkins & Prince* and *Mann, Plyler & Arnold*, for respondent,

January 9, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Jater DuBose, as administratrix of the estate of Thomas DuBose, deceased, against the defendants, Pioneer Life Insurance Company, a corporation, and Pioneer-Pyramid Life Insurance Company, a corporation, was commenced in the Court of Common Pleas for Anderson County July 8, 1933, for the purpose of recovering judgment against the defendants in the sum of $1,000.00. with interest, under a group life insurance policy, issued by the said Pioneer Life Insurance Company to R. N. Ward, trustee, on the lives of the employees of Southern Public Utilities Company; it appearing that upon consolidation of the said insurance companies, thereafter known as Pioneer-Pyramid Life Insurance Company, the said Pioneer-Pyra-

mid Life Insurance Company assumed all of the obligations of the Pioneer Life Insurance Company, including the certificate of insurance herein mentioned. The action is based upon the certificate issued under said group policy to Thomas DuBose, deceased, who died July 4, 1932, and upon the permanent and total physical disability of said insured alleged to have existed prior to the cancellation of the said policy. The answer of the defendants interposed a general denial, alleged failure to give proper notice, and that the insurance policy in question was duly cancelled March 23, 1932. The action was tried at the April, 1934, term of said Court before his Honor, Judge T. S. Sease, and a jury, resulting in a directed verdict in favor of the defendants. Due notice of intention to appeal from the said order of his Honor, Judge Sease, directing a verdict in favor of the defendants, and, from the judgment entered on the verdict, was served by the plaintiff upon the defendants. The plaintiff also on May 9, 1934, served upon counsel for the defendants notice of motion for a new trial upon after-discovered evidence, and this motion was heard by his Honor, Judge G. B. Greene, at his chambers, Anderson, S. C., May 24, 1934, which motion his Honor, Judge Greene, after due consideration, refused. Thereafter, within due time, the plaintiff served notice of intention to appeal from the said order of Judge Greene, overruling said motion.

The allegations of error imputed to the trial Judge by the appellant, as stated in appellant's brief, are the following:

"1. Did the trial Judge commit error in directing a verdict in favor of the respondents?

"2. Should appellant's motion for a new trial upon after-discovered evidence have been granted?"

The order directing a verdict for the defendants was based "on the ground that under the evidence and the law applicable thereto the insured was not totally and permanently disabled during the life of said insurance contract,

within the meaning of the disability clause therein, and under the law of this State; the uncontradicted testimony showing that the insured during the life of the contract was engaged at his usual job, and drew his usual pay, and that he so continued for a period of three months thereafter."

It would serve no useful purpose to quote the testimony in the case or enter into a discussion of the same, and we deem it sufficient to state that an examination of the entire record convinces us that the trial Judge was right in granting the motion and in holding, in effect, that under the evidence and the law applicable thereto the insured was not totally and permanently disabled during the life of said insurance contract, within the meaning of the disability clause therein and under the law of this State as declared by this Court.

The second ground urged by the appellant, that appellant's motion for a new trial upon after-discovered evidence should have been granted, must also be overruled for the reasons set forth in the order of his Honor, Judge Greene, who heard the motion and refused the same, which order, omitting formal parts, will be incorporated in the report of the case.

The respondents, upon due notice, asked for the judgment to be affirmed on additional grounds set out in the record, but it is unnecessary to consider the same.

The exceptions are overruled and the judgment of the lower Court affirmed.

MESSRS. JUSTICES STABLER and BONHAM, and MESSRS. ACTING ASSOCIATE JUSTICES, J. HENRY JOHNSON and C. J. RAMAGE, concur.